UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIAM CUTCHIN, <br><br> Plaintiff, <br><br> v. <br><br> ELBERTA LOGISTICS INTERNATIONAL, LLC, <br><br> Defendant. | **Civil Action File No.** <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff William Cutchin ("Mr. Cutchin") states his complaint against the above-named Defendant as follows:

1. This is a complaint for violation of (1) Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA") and (2) the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction over Mr. Cutchin's claims, which arise under federal law, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Albany Division of the Middle District of Georgia.

## THE PARTIES

4. Mr. Cutchin is a resident and citizen of the State of Georgia. He submits to the jurisdiction of this Court.

5. Defendant Elberta Logistics International, LLC ("Elberta Logistics") is a Georgia limited liability company. Elberta Logistics operates a trucking and logistics company based in Bainbridge, Georgia.

6. At all times relevant to this lawsuit, Elberta Logistics was Mr. Cutchin's employer as that term is defined by the ADA.

7. At all times relevant to this lawsuit, Elberta Logistics was a covered employer under the FMLA pursuant to 29 C.F.R. § 825.104.

## ADMINISTRATIVE PROCEDURES

8. Mr. Cutchin has exhausted his administrative remedies with respect to the claims asserted herein.

9. Mr. Cutchin timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on May 28, 2020.

10. The EEOC issued a "Notice of Right to Sue" on February 11, 2021, entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL BACKGROUND

11. Mr. Cutchin began employment with Elberta Logistics in or about September 2019. He worked as a truck driver based out of Elberta Logistics' headquarters

in Bainbridge, Georgia.

12. On or about February 10, 2020, while working for Elberta Logistics, Mr. Cutchin suffered a medical emergency that required him to go to the emergency room at a hospital in Fort Myers, Florida.

13. Because of the current status of Mr. Cutchin's health, the emergency room doctors placed Mr. Cutchin medically "out of service," meaning he could not drive a commercial vehicle until his health improved.

14. Mr. Cutchin's medical condition substantially limited one or more of Mr. Cutchin's major life activities. For example, Mr. Cutchin's health condition impaired his ability to work, eat, sleep, walk, stand, lift, bend, speak, and breath.

15. On or about February 10, 2020, Mr. Cutchin notified Elberta Logistics of his health condition and that he had been taken out of service by his healthcare provider.

16. Mr. Cutchin also requested leave from work to allow time for him to recover and return to his job.  Further, Mr. Cutchin asked that his leave be designated as leave under the FMLA.

17. Elberta Logistics terminated Mr. Cutchin's employment on or about February 15, 2019.

## COUNT 1

### Disability Discrimination in Violation of Title I of the ADA

18. Mr. Cutchin incorporates the above paragraphs as if fully set forth herein.

19. Title I of the ADA prohibits employers from terminating an employee due to the employee's disability (or perceived disability). Title I of the ADA also requires that employers reasonably accommodate an employee's disability.

20. Elberta Logistics violated the ADA by (1) failing to engage in an interactive process with Mr. Cutchin after learning of his disability to determine whether his disability could be reasonably accommodated, (2) failing to reasonably accommodate Mr. Cutchin's disability, and (3) terminating Mr. Cutchin's employment due to his disability (or perceived disability).

21. For example, Mr. Cutchin would have been able to perform the essential functions of his position had he been permitted sufficient leave from work to recover from his medical condition. However, Elberta Logistics did not allow this accommodation and terminated Mr. Cutchin instead.

22. Mr. Cutchin is entitled to recover all damages caused by Elberta Logistics' ADA violation, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT 2

### Retaliation in Violation of the FMLA

23. Mr. Cutchin incorporates the above paragraphs as if fully set forth herein.

24. The FMLA prohibits covered employers from retaliating against employees who assert their rights under the FMLA, including but not limited to the right to request FMLA leave for a serious health condition.

25. Alberta Logistics violated the FMLA by terminating Mr. Cutchin's employment in response to his request for FMLA leave.

26. The above-described FMLA violation was willful or reckless.

27. Mr. Cutchin is entitled to recover all damages caused by Elberta Logistics' FMLA violation, including lost wages, liquidated damages, attorneys' fees, and litigation costs.

Based on the above, Mr. Cutchin demands a jury trial on all triable issues and asks the Court for the following relief:

    (1)    lost back pay,

    (2)    reinstatement, or front pay in lieu of reinstatement,

    (3)    liquidated damages as permitted by the FMLA,

    (4)    compensatory damages as permitted by the ADA,

    (5)    prejudgment interest,

    (6)    litigation costs,

(7) attorneys' fees, and

(8) other relief deemed appropriate by the Court.

Respectfully submitted on May 7, 2021.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com